## POLONIO et al. v. UNITED STATES.

### No. 9974.

Circuit Court of Appeals, Ninth Circuit.

Nov. 25, 1942.

Homer L. Loomis, of New York City, and Edwin D. Hicks, of Portland, Or., for appellants.

Carl C. Donaugh, U. S. Atty., and J. Mason Dillard, Asst. U. S. Atty., both of Portland, Or., for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

Appellants were charged in Count One of the indictment with and convicted of the offense defined in Title III, sec. 1 of the Act of Congress, 40 Stat. 217, 221, 18 U.S. C.A. § 502,[1] of tampering with the motive power and instrumentalities of navigation of the Italian motorship Leme while in American waters, by placing foreign instruments and substances in the two Fiat diesel engines which provide the motive power for the vessel and in operating the engines in such manner as to greatly damage or totally destroy such engines and by breaking a Sperry gyroscopic compass used in the navigation of the vessel and by tampering with and destroying the steering engines and motors of the vessel so as to render them unfit for use, with intent to injure and damage the safety of the vessel. The punishment prescribed by statute for this offense is a fine of not more than $10,000 or imprisonment of not more than 20 years, or both. All the appellants ex-

[1] "Title III. Injuring vessels engaged in foreign commerce.

"Section 1. Whoever shall set fire to any vessel of foreign registry, or any vessel of American registry entitled to engage in commerce with foreign nations, or to any vessel of the United States as defined in section three hundred and ten of the Act of March fourth, nineteen hundred and nine, entitled 'An Act to codify, revise, and amend the penal laws of the United States,' or to the cargo of the same, or shall tamper with the motive power or instrumentalities of navigation of such vessel, or shall place bombs or explosives in or upon such vessel, or shall do any other act to or upon such vessel while within the jurisdiction of the United States, or, if such vessel is of American registry, while she is on the high sea, with intent to injure or endanger the safety of the vessel or of her cargo, or of persons on board, whether the injury or danger is so intended to take place within the jurisdiction of the United States, or after the vessel shall have departed therefrom; or whoever shall attempt or conspire to do any such acts with such intent, shall be fined not more than $10,000 or imprisoned not more than twenty years, or both."

cept Giovanni Polonio were acquitted on the charge of conspiracy alleged in Count Two, and as the punishment of Giovanni Polonio on the conspiracy count runs concurrently with that on Count One no point is raised as to the conspiracy charge. The sentences varied from five to two years. The defendants appeal.

The defendants admit that they did the acts condemned by the statute as charged in the indictment. They contend that although the statute under which they were prosecuted by its terms applies to "whoever" commits the acts denounced by the statute, the fact that the appellants were either officers or members of the crew of the vessel excludes them from the operation of T. III, Sec. 1, when properly construed. Two arguments are advanced in support of this proposition. First, that at common law the owner had a right to destroy his own property. Consequently, unless the owner is more definitely prohibited by the act from such destruction the word "whoever" in T. III, Sec. 1, should not be construed to include the owner. Second, that another section of the same statute, (Title II, Sec. 3, 50 U.S.C.A. § 193),[2] specifically applies to the officers and members of the crew who cause or permit the destruction or injury of their vessel and, consequently, the general word "whoever" in T. III, Sec. 1, must yield to the more specific words "owner", etc., in T. II, Sec. 3. Each of these arguments has been considered and determined adversely to the appellants by the Circuit Courts of Appeals of the First, Third, Fourth and ·Fifth Circuits. In the First Circuit, Giugni v. United States, 127 F.2d 786; Third Circuit, in United States v. Scaleggeri et al., 126 F.2d 1023; Fourth Circuit, in Bersio v. United States, 124 F. 2d 310; Fifth Circuit, in Marchese v. United States, 126 F.2d 671.

■■ We are in accord with the conclusion reached by these courts that by reason of the purpose of Congress to protect all shipping engaged in commerce with foreign nations the word "whoever" contained in Sec. 1, T. III, was intended to include the owners and officers and crew of the vessel.

■■ The second contention of the appellants above mentioned was disposed of by the First and Fifth Circuits by the conclusion that Title II was not applicable at all unless and until the President, by proclamation or executive order, has declared a national emergency as provided in Sec. 1, T. II, 50 U.S.C.A. § 191, and, consequently, in the absence of such proclamation T. III, Sec. 1 would apply. However, this ground does not wholly dispose of the appellants' argument which is that the express provision of the statute (T. II, Sec. 3) dealing with owners and crew shows that the Congress did not intend the word "whoever" in Sec. 1, T. III, to apply to the owner or his agents at any time. However, the crimes denounced by the two sections are not the same although there may be cases where the two sections overlap, but this is not such a case. The crime charged in the indictment is not the crime defined in Sec. 3, T. II, namely, that of injuring or destroying the vessel, but is the crime of tampering with the navigational instrumentalities of the vessel denounced by Sec. 1, T. III. If it be said that the engines, compasses and steering engines are part of the vessel and, consequently, that the destruction or injury thereof is prohibited also by T. II, Sec. 3, we are assisted in our interpretation of these over-

---

[2] "Title II. Vessels in ports of the United States. * * *

"Section 3. It shall be unlawful for the owner or master or any other person in charge or command of any private vessel, foreign or domestic, or for any member of the crew or other person, within the territorial waters of the United States, willfully to cause or permit the destruction or injury of such vessel or knowingly to permit said vessel to be used as a place of resort for any person conspiring with another or preparing to commit any offense against the United States, or in violation of the treaties of the United States or of the obligations of the United States under the law of nations, or to defraud the United States, or knowingly to permit such vessels to be used in violation of the rights and obligations of the United States under the law of nations; and in case such vessel shall be so used, with the knowledge of the owner or master or other person in charge or command thereof, the vessel, together with her tackle, apparel, furniture, and equipment, shall be subject to seizure and forfeiture to the United States in the same manner as merchandise is forfeited for violation of the customs revenue laws; and whoever violates this section shall be fined not more than $10,000 or imprisoned not more than two years, or both."

lapping provisions of the statute by the rule which appellants so strongly invoke, namely, that general provisions of a statute are controlled by specific provisions. Consequently, the general provision of the statute dealing with the destruction of the vessel (T. II, Sec. 3) is controlled by the specific provision of the statute punishing an injury to the motive power or navigational instrumentalities of the vessel. Therefore, tampering with the motive power or instrumentalities of navigation would come under T. III, Sec. 1, and not under T. II, Sec. 3, even if the latter were effective because of a Presidential proclamation issued in pursuance of T. II, Sec. 1.

All other questions raised by the appellants are satisfactorily disposed of by the above cited decisions, or are so clearly without merit as to require no discussion.

■ The disparity in punishment under Sec. 1, T. III and under Sec. 3, T. II, may be illogical but the matter lies wholly with Congress and an attempt to harmonize the two sections is not helpful or necessary to the construction of the two sections.

Judgment affirmed.